\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LARRY PEARSON | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv81 |
| KIMBERLY WILLIAMS, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Larry Pearson, an inmate at the Polunsky Unit, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit against Kimberly Williams, J.J. Pitts, and Jerry Haggard.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff contends defendant Haggard, a sergeant of correctional officers, failed to follow proper procedure after plaintiff reported to him that his cellmate had spit in his face on June 4, 2016. Plaintiff states that defendant Haggard interviewed plaintiff's cellmate about plaintiff's claim and,

when told that plaintiff was lying, defendant Haggard took the other inmate's word that he never spit in plaintiff's face instead of conducting a more thorough investigation such as reviewing camera footage and interviewing other potential witnesses. While plaintiff disagrees with the course of action taken by defendant Haggard, plaintiff has failed to satisfy the extremely high standard of deliberate indifference.

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

Plaintiff complains, in general terms, that he had advised the Polunsky Unit Administration and sought assistance in moving beginning on February 28, 2016. Additionally, plaintiff alleges that prison officials were notified of the problem with his cellmate and ignored it, intentionally placing him back in a dangerous situation with his cellmate after his cellmate called him a snitch for telling defendant Haggard about the spitting incident. However, the only allegation plaintiff has asserted

against defendant Haggard involves the spitting incident of June 4, 2016 which caused Haggard to interview the other inmate about plaintiff's allegations. Plaintiff has failed to allege or demonstrate defendant Haggard was aware of anything which might have occurred between plaintiff and his cellmate other than the spitting incident about which he questioned the other inmate. Specifically, there is no allegation defendant Haggard was aware of plaintiff's previous alleged problems with his cellmate or the fact that plaintiff's cellmate later called plaintiff a snitch for telling defendant Haggard about the spitting incident. Accordingly, plaintiff has failed to allege or demonstrate defendant Haggard was aware of a substantial risk of serious harm or that the situation was so obvious his knowledge could be inferred. Further, the defendant's alleged failure to follow protocol concerning the investigation of plaintiff's complaint is without merit. The defendants' alleged failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *See Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Therefore, plaintiff's claims against defendant Haggard fail to state a claim upon which relief may be granted.

Additionally, plaintiff's claims regarding the loss of his property fail to state a claim upon which relief may be granted because he has an adequate post-deprivation remedy. Further, as the magistrate judge found in the report, plaintiff has shown nothing more than negligence on the part of defendants Williams and Pitts for not packing his property. Finally, plaintiff has failed to allege or demonstrate the inmates whom allegedly stole his property were acting under color of state law. As a result, plaintiff has failed to establish his constitutional rights were violated in connection with the alleged deprivation of property, and his claims against the defendants fail to state a claim upon which relief may be granted.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So ORDERED and SIGNED, Aug 31, 2020.

_____
Ron Clark
Senior Judge